IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CV-196-BO

| | |
|---|---|
| TEBOGO DOMINIC MODISE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| NORTH CAROLINA WESLEYAN COLLEGE, | ) |
| INC., | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court on defendant North Carolina Wesleyan College's motion

for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The motion is

ripe for adjudication. For the reasons stated herein, defendant's motion is denied.

BACKGROUND

On May 5, 2015, plaintiff Tebogo Dominic Modise filed a complaint alleging breach of

contract claim and, in the alternative, negligent misrepresentation, against North Carolina

Wesleyan College (Wesleyan). Defendant filed its answer on July 31, 2015, after receiving leave

from the Court to file out of time. On October 20, 2015, defendant filed an amended answer, and

it now moves for judgment on the pleadings.

Wesleyan is a university located in Rocky Mount, North Carolina. Plaintiff was the head

coach of the men's tennis team at Wesleyan from 2007 until his resignation in 2012. After

resigning, he took a coaching position at the University of Southern Mississippi. In the summer

of 2013, Wesleyan extended a verbal offer of employment to him, which was followed by an

email on July 24, 2013, explaining the terms of the offer. On July 25, 2105, Mr. Modise verbally

accepted the offer via telephone call. Mr. Grey then sent plaintiff two letters—an offer letter stating that "between this letter and the contract, we have covered all the points we have shaken hands over," and an unsigned contract. Compl. ¶ 25. On July 26, 2013, Mr. Grey sent Mr. Modise another email stating that the contract and job description had been reviewed by an attorney and would be delivered via FedEx to plaintiff's New Orleans address.

Plaintiff resigned from his position at the University of Southern Mississippi before executing the written contract. He alleges that he did so in reliance upon the parties' agreement and mutual acceptance of the contract of employment. After Mr. Modise had resigned, Wesleyan verbally rescinded the employment offer.

## DISCUSSION

A motion for judgment on the pleadings pursuant to Rule 12(c) raising the defense of failure to state a claim upon which relief can be granted is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted challenges the legal sufficiency of a plaintiff's complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). When ruling on the motion, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although complete and detailed factual allegations are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Similarly, a court need not accept as true a plaintiff's "unwarranted

2

inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts. v. J.D. Assocs. Ltd.*, 213 F.3d 175, 180 (4th Cir. 2000). A trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

The Court has reviewed the complaint in light of the applicable standard and finds that it stats facially plausible claims for relief. "The elements of a claim for breach of contract are (1) the existence of a valid contract and (2) breach of the terms of that contract." *Poor v. Hill*, 530 S.E.2d 838, 843 (N.C. Ct. App. 19) (2000). As plaintiff points out, no requirement exists under North Carolina law that a breach of contract claim can stand only where there is a written contract. *See Kornegay v. Aspen Asset Grp., LLC*, 204 N.C. App. 213, 224 (2010); *see also Williams v. Jones*, 322 N.C. 42 (1998). The test for the existence of a contract is simply "an agreement, upon sufficient consideration, to do or not to do a particular thing." *Williams*, 322 N.C. at 48 (internal quotation and citation omitted). If the evidence "is sufficient to support [a] plaintiff's contention that a definite agreement was made by the parties, the contract is complete even though the parties contemplated reducing the agreement to writing." *Id.* at 52.

Accordingly, the question is "(1) whether there was an offer and acceptance of the terms of employment, and (2) 'if so, were the terms agreed upon sufficiently definite and certain to give rise to a contract enforceable by a court of law[.]'" *Kornegay*, 204 N. C. App. at 220 (quoting *Williams,* 322 N.C. at 48). Mr. Modise's allegations are sufficient to establish a valid offer and acceptance at this point in the case. He alleges that Wesleyan, through Mr. Gray, made a written offer of employment on July 24, 2013, that he accepted the offer the following day, and that Gray confirmed his acceptance via two letters. Accordingly, the motion to dismiss the breach of contract claim is denied.

3

Defendant also argues that plaintiff's contributory negligence bars the claim for negligent misrepresentation. "The tort of negligent misrepresentation occurs when in the course of a business or other transaction in which an individual has a pecuniary interest, he or she supplies false information for the guidance of others in a business transaction, without exercising reasonable care in obtaining or communicating the information." *Schlieper v. Johnson*, 195 N.C. App. 257, 262–63 (1985). Defendant argues that Mr. Modise was contributorily negligent by resigning from his job before receiving, reviewing, or executing, the written employment contract, of which he allegedly was aware.

Negligence cases "'are ordinarily not susceptible of summary adjudication because application of the prudent man test, or any other applicable standard of care, is generally for the jury.'" *McFetters v. McFetters*, 98 N. C. App. 187, 191 (1990) (citation omitted). Indeed, "a court may dismiss a complaint based on contributory negligence . . . 'when the allegations of the complaint taken as true show negligence on the plaintiff's part proximately contributing to his injury, so clearly that no other conclusion can be reasonably drawn therefrom." *Mohr v. Matthews*, 768 S.E.2d 10, 12–13 (N.C. Ct. App. 2014). The high bar makes sense given that '[w]hat is reasonable is, as in other cases of negligence, dependent upon the circumstances." *Forbes v. Par Ten Group, Inc.*, 99 N.C. App. 587, 595 (1990). At this stage, defendant has failed to demonstrate that Mr. Modise's resignation was negligent in a manner "so clearly that no other conclusion can be reasonably drawn therefrom." *See Mohr*, 768 S.E.2d at 12–13 (N.C. Ct. App. 2014). Accordingly, the motion to dismiss the negligent misrepresentation claim also must be denied.

4

## CONCLUSION

For the foregoing reasons, defendant's motion for judgment on the pleadings [DE 14] is DENIED. The matter may proceed in its entirety.

SO ORDERED, this __15__ day of January, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE